Case 2:17-cv-08929-AG-AGR   Document 151   Filed 08/27/20   Page 1 of 5   Page ID #:2508

RECEIVED
CLERK, U.S. DISTRICT COURT

8/27/20

CENTRAL DISTRICT OF CALIFORNIA
BY: ___MAT___ DEPUTY

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**STEVE NEVILLE, SUBSTRUCTURE SUPPORT, INC., TDP SUPPORT, INC.,**
*Plaintiffs-Appellants*

v.

**ALDRIDGE CONSTRUCTION, INC., HENSEL PHELPS CONSTRUCTION CO., M-PILE SALES, LLC, MAGCO DRILLING, INC., MATT CONSTRUCTION CORP., SHORING ENGINEERS, STRUCTURAL SHOTCRETE SYSTEMS, INC., ALDRIDGE ELECTRIC, INC., FOUNDATION CONSTRUCTORS, INC., FOUNDATION PILE, INC., GONSALVES & SANTUCCI, INC.,**
*Defendants-Appellees*

---

2020-1176

---

Appeal from the United States District Court for the Central District of California in No. 2:17-cv-08929-AG-AGR, Judge Andrew J. Guilford.

---

Decided: August 27, 2020

---

JOEL KAUTH, KPPB LLP, Anaheim, CA, for plaintiffs-appellants. Also represented by MARK YEH.

Tyson K. Hottinger, Maschoff Brennan, Irvine, CA, for defendants-appellees. Also represented by Jared J. Braithwaite, Salt Lake City, UT; Robert Parrish Freeman, Jr., Park City, UT.

_____

Before Lourie, O'Malley, and Chen, *Circuit Judges*.

Chen, *Circuit Judge*.

Plaintiff-appellants Steve Neville, Substructure Support, Inc., and TDP Support, Inc. (collectively, "Substructure") appeal the district court's ruling on summary judgment that certain accused products of Aldridge Construction, Inc. et al. ("Aldridge") do not infringe claims 1–4, 6–11, 14–19, 22–27, 29, and 32–33 of U.S. Patent No. 7,914,236 and claims 1–16, 19–22, 25–28, 31–32, 34–37, and 39 of U.S. Patent No. 9,284,708. This appeal involves the same asserted patents and disputed claim terms as its companion appeal in *Neville v. Foundation Constructors, Inc.*, No. 20-1132 (Fed. Cir. August 27, 2020), in which we affirm the district court's noninfringement ruling of summary judgment based on its construction of an "end plate having a substantially flat surface" and a "protrusion extending outwardly from the end plate." We likewise *affirm* here.

## Discussion

"For much the same reasons provided in the [district court's] summary judgment order in the *Foundation* case," the district court here granted summary judgment of noninfringement against accused foundation piles having "M-pile" tips.[1] J.A. 12; *see also Neville v. Foundation*

---

[1] The M-pile tips are manufactured by casting or welding; we refer only to the products manufactured by casting, as the welded versions are not at issue on appeal.

*Constructors, Inc.*, No. EDCV 17-02507 AG (AGRx), 2019 WL 6894522, at *6–7 (C.D. Cal. Aug. 19, 2019). Substructure appeals the district court's ruling that certain accused foundation piles with "M-pile" tips do not infringe the asserted claims because the M-pile tip lacks an "end plate having a substantially flat surface" and a "protrusion extending outwardly from the end plate." J.A. 12–14.

For the reasons set forth in our *Foundation* opinion, the district correctly construed an "end plate having a substantially flat surface" as referring to an exterior-facing surface, *id.* at 12, and a "protrusion extending outwardly from the end plate" as not encompassing a "single, conically-shaped piece" for which "there is not a demarcation of where an 'end plate' should end and the 'protrusion' should begin.'" *Id.* at 13; *Foundation*, No. 20-1132, slip op. at 8–12 (Fed. Cir. August 27, 2020).

Substructure maintains that its expert's testimony alleging that portions of the M-pile tip matched the claimed "end plate" and "protrusion" elements was sufficient to raise a genuine issue of material fact. We disagree. Substructure's expert, Dr. Decker, provided the following annotated photographs illustrating what he contended was the claimed "end plate" and "protrusion":



J.A. 718, 734. As apparent from Dr. Decker's annotated photographs, the alleged "end plate" does not have any exterior-facing surface that is "substantially flat." To the extent that Substructure argues that the annotated "end plate" contains a flat surface facing the interior of the pile tip, that infringement theory is incompatible with the district court's construction. Nor does Dr. Decker's labeling of a region of the pile tip as a "protrusion" create a material dispute where, as the district court correctly noted, the "single, conically-shaped piece" cannot be differentiated into an end plate and a protrusion from that end plate. J.A. 13. Thus, we agree with the district court that "Plaintiffs cannot satisfy their burden of showing that the cast M-Pile tips have an 'end plate' with a 'substantially flat surface' or an 'end plate' with a 'protrusion.'" *Id.*

## CONCLUSION

We have considered Substructure's remaining arguments and find them unpersuasive. For the reasons stated above, we *affirm* the district court's claim constructions

NEVILLE v. ALDRIDGE CONSTRUCTION, INC. 5

and ruling at summary judgment of noninfringement as to the accused products containing the M-pile pile tip.

**AFFIRMED**